UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                    CASE NO.: 00-6015-CR-ZLOCH

JOSEPH SAMUELS,
                         Magistrate Judge Snow

    Defendant.
_____/

### DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant JOSEPH SAMUELS by and through his undersigned counsel and pursuant to Administrative Order 95-02 and U.S.S.G. §6A1.3 and hereby files these, his objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1. That on April 24, 2000 the Defendant pled guilty to Count I of the indictment in this case, pursuant to an agreement with the government, which generally charged him with conspiracy to possess with the intent to distribute cocaine.

2. That currently, sentencing is set in this matter for **Friday, August 25, 2000** at 11:30 a.m. in Miami.

3. The defendant has to following factual objections to the following paragraphs within his presentence investigation report:

a) The Defendant would object to the next to last sentence of ¶17 of his PSI and in furtherance of his objection regarding his position below that he is entitled to a two level reduction for having no part in the crack cocaine aspect of this conspiracy.

1

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949



According to ¶6 of the criminal complaint in this case and during the change of plea, filed under Case No.: 00-4002-SNOW, there was a crack cocaine sale occurring however, Roberson did not have a plastic bag to package the drugs. Roberson asked the Defendant, who was his powdered cocaine salesman for an empty plastic bag which the Defendant provided. The defendant had no other role whatsoever in the sale, negotiation or purchase of the crack.

b) The Defendant would object to ¶53 of the PSI regarding a prior arrest for carrying a concealed firearm. As the PSI correctly points out, on August 17, 1990 this case was "nolle prossed" by the State. However, due to the nature of the fact pattern and the effect that it may have on his designation, the Defendant would request that the fact pattern be supplemented the add the following.

The confidential informant in the case was Ernest Richardson. As it turned our, Mr. Richardson was a career offender and sought to blame the Defendant for his own actions. After a few days, detectives with the Broward Sheriff's Office were able to straighten out the situation and Mr. Richardson was arrested and ultimately convicted for the crime that the Defendant was wrongly accused of.

c) The Defendant would object to ¶73 and ask that the last sentence be eliminated. Based on the contents of §71-73, obviously, the Defendant is in dire need of and certainly has agreed to accept substance abuse treatment. In light of the content of those paragraphs and treatment should be for both drugs

2

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

and alcohol.

4. The Defendant would object to ¶36 of the PSI wherein the probation officer, per §2D1.1(b)(1) assesses a two level increase in that on November 18, 1998 the defendant possessed a firearm during the commission of that offense.

Initially, the Defendant would point out that the facts of the November 18, 1998 incident are contained within ¶11 and 49 of the PSI. ¶49 of the PSI outlines that the Defendant was arrested and convicted of each and every aspect of the November 18, 1998 incident including the possession of the firearm. It should be noted at the outset that the Defendant does not dispute any of the facts or circumstances surrounding the seizure of the firearm from this residence on the date in question.

However, under §4A1.2 of the guidelines, as correctly outlined with ¶49, no criminal history points have been assessed to the Defendant because this conduct is not a "prior sentence" that has been imposed against the Defendant. This is because the facts and circumstances are "conduct that is part of the instant offense". See §4A1.2 application note #1.

In his state case, as outlined in ¶49 the Defendant did plead guilty and was punished for both the drug crime and the firearm offense. However, while not being scored due to the conduct being part of the instant offense, the conduct itself is scored. The possession of the firearm on November 18, 1998 was the sole instance as it relates to this Defendant that a firearm was present.

3

The defendant has been convicted in state court of this offense and therefore, it is his position that it should not be re-counted within the offense section of the PSI.

4. The defendant would object to ¶30 and 37 of the PSI wherein the probation officer affords him no adjustment for a his role in the offense. It is the position of the Defendant that he should be entitled to a downward adjustment for his role in the offense of two or three levels.

Under U.S.S.G. §3B1.2 the district court is mandated to decrease the defendant's base offense level by two levels if "the defendant was a minor participant in any criminal activity. The Sentencing Guidelines provide for adjustments to the offense level for the role the defendant played in committing the offense, based upon the examination of all relevant conduct. <u>United States vs. Costales</u>, 5 F.3d 480, 484 (11th Cir. 1993). The Sentencing Commission states that " a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. §3B1.2, comment. (n.3) See <u>United States vs. Cacho</u>, 951 F.2d 308 (11th Cir. 1992).

The mitigating adjustment provision applies when "a particular defendant is less culpable than other members of the group to such a degree that a distinction should be made at sentencing between him and other participants." <u>United States vs. Gordon</u>, 895 F.2d 932, 935 (4th Cir. 1990).

Section 3B1 allows the sentencing judge to look to the contours of the underlying scheme itself and not merely the

4

elements of the offense charged. United States vs. Costales, supra at 484, United States vs. Rodriguez, 925 F.2d 107, 111 (5th Cir. 1991). After finding that the defendant's relevant conduct involved more than one participant (which the defendant would stipulate to) the analysis then requires the court to determine "the defendant's culpability for such conduct was relatively minor compared to that of the other participants". United States vs. Costales, supra at 484-5. See also United States vs. Caballero, 936 F.2d 1292, 1299 (D.C. Cir. 1991); United States vs. Katora, 981 F.2d 1398, 1405 (3rd Cir. 1992).

In this case, the Defendant was a salesman for the Roberson organization. His role was rather simple for a complex, large scale organization, to wit, to stand outside and sell powdered cocaine and small user sized bags of marijuana. The defendant had no role in the planning or organization of the organization. He was merely an employee. He was specifically excluded from the "high end" aspect of the organization. Roberson specifically excluded the defendant from any of the crack cocaine sales or large scale powder transactions.

For example, it was Lavache who aided in brokering the eleven (11) kilograms of cocaine seized in early January, 2000. He was closer to the source of supply for Roberson. This defendant's role was to sell user sized portions on the street for Roberson.

The guidelines require the trial Court to consider all the criminally culpable participants in the criminal scheme, to look at all the relevant conduct of the necessary participants in the

5

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

underlying scheme, not simply the elements in the indictment charging a single defendant. <u>United States vs. Costales</u>, 5 F.3d 480, 484 (11th Cir. 1993)

The proponent of the downward departure (the Defendant) always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. <u>United States vs. De Varon</u>, 175 F.3d 930, 939 (11th Cir. 1999).

First and foremost the district court must measure the defendant's role against the relevant conduct for which (he) has been held accountable. <u>De Varon</u> at 940. As a small quantity street salesman, "it is perfectly legitimate for the district court to consider <u>any</u> fact related to a defendants' conduct...including (his) status and assigned tasks in that scheme. <u>De Varon</u> at 942.

The Court should look at both indicted and unindicted members of the conspiracy and the Defendant role in the offense should be considered minor in comparison.

6. The Defendant would object to ¶35 of the PSI where the probation officer held the Defendant accountable for 11 kilograms of powdered cocaine and 85.9 grams of crack cocaine or cocaine base. It is the position of the defendant that he should be held accountable for only the 11 kilograms of cocaine and not the cocaine base.

As stated previously, it was the specific intent of the Defendant's boss, Donald Roberson to exclude the defendant from any activity involving crack cocaine. As the Defendant eloquently told this Court at the time of his change of plea (which was confirmed

6

by the Government) no crack cocaine was ever purchased from the Defendant. There was a good reason for this.

The Defendant was the best salesman that was employed by Roberson. He made him a large amount of money. But with the money that was made for Roberson, came the down side. The down side was that the Defendant believed that he was not be paid sufficiently for his illegal work. As a result, he stole what he could in either drugs or money from Roberson. Roberson was aware of this and on numerous occasions, he fired the Defendant, only to hire him back later on.

While he knew that the Defendant was making him money from the street sales of cocaine powder and marijuana, he also knew he could reduce the thefts by the Defendant by limiting what he could be around and sell. Roberson did this by purposely keeping the defendant away from the larger quantity transactions and from the bigger money crack cocaine sales. Therefore, since Roberson specifically prohibited the Defendant from the crack cocaine aspect of the business, the Defendant should not be held accountable for same.

Therefore, the Defendant should be held accountable for a base offense level of 32 and not 34.

7. Finally, should the Court sustain the Defendants objections, it is possible that the Defendant's guidelines will fall below the ten (10) year minimum mandatory sentence of incarceration as outlined in the plea agreement. Should that happen, it would be the position of the Defendant that under the

7

recent case of <u>Apprendi vs. New Jersey</u>, 120 S.Ct 2348 (2000) that this Court has the power to sentence the Defendant without regard to any minimum mandatory sentence. Because there is no quantity alleged within the indictment, under 21 U.S.C. §841(b)(1)(C) there is no minimum mandatory involved and a twenty year statutory maximum.

WHEREFORE, the Defendant JOSEPH SAMUELS respectfully requests that this Court enter an order sustaining his objections to the PSI.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and mailed this 21st day of August, 2000 to: ROGER POWELL, ESQUIRE, Assistant United States Attorney, 500 East Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MR. FRANK E. SMITH, United States Probation Officer, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, Florida 33301.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant SAMUELS
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax: (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

8