IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



| | |
|---|---|
| JOSEPH SAMUELS,<br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Case No.: 00-6015-CR-ZLOCH |

**Motion under Title 18 § 3582 (c) (2) and U.S.S.G. §1B1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment 706, Which Became Effective on November 1, 2007, and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base**

COMES NOW, **JOSEPH SAMUELS**, Movant, proceeding in pro se pursuant to **HAINES V. KERNER**, 404 U.S. 579, invoking title 18 §3582 (c)(2) and USSG §1B1.10(c), to modify Movant's now unlawful crack cocaine sentence in light of the United States Congress' November 1, 2007, acceptance and adaptation of the United States Sentencing Commission's Amendment 706, which was made retroactive effectively March 3, 2008, and which resulted in the reduction of the crack cocaine sentencing guidelines by two levels, and will show the following:

Movant was originally sentenced at the low end of the sentencing guidelines at level 31, which was 135 months, for one Count, Conspiracy to Possess with Intent to Distribute a Schedule II Controlled Substance, that is, a Mixture and Substance Containing a Detectable Amount of Cocaine and Cocaine Containing Cocaine Base, Commonly Known as "Crack" Cocaine, in violation of 21 U.S.C. §841(A) and §846. At sentencing, it was determined that Movant was responsible for 89.9 grams of crack cocaine. After applying the two-level reduction

based on Amendment 706, Movant's adjusted level is 29 with a criminal history category of 3. This adjustment scores Movant's sentencing range to 108 months to 135 months. Utilizing the same rationale that was used to sentence Movant at the middle of the sentencing range would result in Movant's sentence being reduced to 108 months.

"In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. §3582(c)(2); USSG §1B1.10 and §1B1.10(c).

The Commission also changed §1B1.10, presumably with the intention of limiting a court's ability to reduce sentences by more than two offense levels. However; since the United States Supreme Court in **Booker v. U.S., 2006**, ruled that the guidelines are advisory and NOT mandatory, and since §3582 requires sentencing courts to consider ALL applicable §3553(a) factors, district courts have the authority to depart from the guidelines in the case of extraordinary circumstances, such as post-conviction rehabilitation achievements.[1]

Movant has voluntarily participated in and completed a substantial number of classes, courses, and programs to prepare Movant for returning to the community as a productive and responsible citizen. See **Exhibit (A)** attached hereto, which is a copy of the Bureau of Prisons' Federal Inmate Data Transcript.

---

[1] See _Gall_, 128 S.Ct. at 596 ("[A} district court should begin _all_ sentencing proceedings by correctly calculating the applicable Guidelines range…the Guidelines should be the starting point and the initial benchmark. They are _not_ the only consideration, however…[T]he judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party.") (emphases added).

## **RELIEF REQUESTED**

WHEREFORE, in light of the United States Congress' acceptance and adaptation of the United States Sentencing Commission's Amendment 706, which resulted in the reduction of the crack cocaine sentencing disparity by two levels, thus reducing Movant's scoring level from 31 to 29 and sentencing range of 108 to 135 months, and in light of the fact that Movant was originally sentenced at the low end of the applicable sentencing guideline range to 135 months, Movant asks this Court to re-sentence Movant accordingly to 108 months, which is the low end of Movant's adjusted sentencing guideline range. Additionally, since personal information was utilized in a Pre-sentence Investigative Report to assist in determining what sentence to give Movant initially, Movant asks this Court to take into consideration Movant's post-conviction rehabilitative efforts and accomplishments[2] and invoke its judicial powers to sentence Movant below the 108 months prescribed at the low end of Movant's adjusted sentencing range.

Should the Court find that Movant's motion is insufficient, however, Movant asks that the Court appoint appropriate counsel on Movant's behalf, taking into consideration that Movant's financial status is currently indigent.

Respectfully Submitted

_Joseph Samuels_
Joseph Samuels, 55139-004
FCI Miami
P O Box 779800
Miami FL 33177

---

[2] **Post-Conviction Rehabilitative Accomplishments:** (1) Self Improvement & Development II, (2) High School Diploma, (3) Building Self Esteem, (4) Employment Skills, (5) Computer Literacy, (6) Computer Applications 1, (7) Office Procedures Technology, (8) Basic Health Concepts, (9) Parenting.