UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6015-CR-ZLOCH

UNITED STATES OF AMERICA

v.

JOSEPH SAMUELS,

       Defendant.
_____/

**UNITED STATES' RESPONSE TO DEFENDANT SAMUELS' MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

The United States hereby responds to the Defendant Joseph Samuels' motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the United States Sentencing Guidelines, which reduced the offense levels for cocaine base. Amendment 706 does not apply to the defendant's sentence, so this Court lacks the authority to reduce the defendant's sentence and should decide not to reduce the defendant's sentence without a hearing.

    **A.   Statement of Case and Legal Background**

On August 25, 2000, the Court sentenced the defendant to 135 months' imprisonment following his conviction for Conspiracy to Distribute 11 kilograms of cocaine as charged in Count One of the Indictment in violation of Title 21, United States Code, Section 846. At sentencing, the defendant had faced a United States Sentencing Guidelines range of 168 to 210 months' imprisonment, based on a minimum term of imprisonment of 10 years and a maximum

term of life, with a total offense level of 33, and a criminal history category of III. Suppl. PSR (Rev.8/25/00) ¶90 and 91. At sentencing the defendant objected to Paragraph 35, of the PSR wherein the defendant was initially held accountable for 11 kilograms of cocaine and 89.5 grams of crack cocaine. The Court **sustained** the defendant's objection to Paragraph 35, and ordered that the total offense level be reduced to 31, range of 135 to 168 months' imprisonment. Thus the defendant's base offense level was established predicated upon 11 kilograms of cocaine, not from any finding that his offense had involved 89.5 grams of cocaine base. (Judgment in Criminal Case, dated August 25, 2000, Statement of Reasons and Guideline Range Determined by the Court, page 6 of 6)(see Attachment). Thus, the defendant's guidelines range was not affected by the base offense level for cocaine base in USSG §2D1.1.

In Amendment 706, the United States Sentencing Commission generally reduced by two the offense levels applicable to cocaine base, set forth in USSG §2D1.1.[1] Amendment 706 will apply retroactively, effective March 3, 2008, see USSG §1B1.10(c), unless Congress decides otherwise.

Section 3582(c)(2) allows the district court to reduce a defendant's term of imprisonment if the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "after considering the factors set forth in section 3553(a) to the extent

---

[1] Amendment 711 also made conforming amendments to the drug conversion chart, which is employed when the offenses of conviction involve multiple controlled substances.

2

that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Congress has delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). Only those amendments listed as retroactive in USSG §1B1.10(c) authorize Section 3582(c)(2) relief. United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

### B. Memorandum of Law and Argument

#### 1. Amendment 706 does not apply to this sentence because it was not imposed for any offense involving cocaine base, so this Court lacks authority to reduce this sentence.

This Court should deny the defendant relief for the simple reason that the offense for which he was sentenced in this case did not involve cocaine base, and he was not sentenced pursuant to the portions of USSG §2D1.1 altered by Amendment 706. As stated above, the defendant's offense involved other drugs (11 kilograms of cocaine), and his base offense level sentence was based on USSG § 2D1.1, applicable to such offenses. Amendment 706 does not change that guideline. Accordingly, this Court lacks authority to reduce this defendant's sentence based upon Amendment 706.

Section 3582(c)(2) authorizes a sentence reduction only when a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Because Amendment 706 does not lower the defendant's sentencing range, he

3

may not obtain a sentence reduction. See USSG §1B1.10(a)(2), comment. (n.1(A)) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guidelines range."); see also USSG §1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant."). Therefore, this Court should summarily deny the defendant any reduction in sentence.

>   **2.  This Court may address only whether and to what extent to reduce the defendant's sentence pursuant to Amendment 706.**

The defendant may not employ Section 3582(c)(2) to litigate sentencing issues unrelated to Amendment 706. This proceeding does "not constitute a full resentencing of the defendant." USSG §1B1.10. Rather, Section 3582(c)(2) is a "narrow exception to the rule that final judgments are not to be modified." United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) authorizes only a sentence reduction based on a retroactive guideline amendment that lowers a sentencing range under which a defendant was sentenced. United States v. Bravo, 203 F.3d 778, 780-82 (11th Cir. 2000). "[A]ll original sentencing determinations [are to] remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. at 781-82 (emphasis in original). Thus, Section 3582(c)(2) "does not grant to the court jurisdiction to consider

4

extraneous resentencing issues . . .." Bravo, 203 F.3d at 782 (district court lacked jurisdiction to consider defendant's request for downward departure below amended sentencing range or Eighth Amendment claim); accord United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Section 3582(c)(2) motion may not be used to present claim under Booker because Booker is not a retroactive guidelines amendment), cert. denied, 547 U.S. 1050 (2006).

Moreover, because Section 3582(c)(2) authorizes only a sentence reduction called for by a retroactive amendment, even a district court granting a section 3582(c)(2) motion based on a retroactive amendment may not then reopen the defendant's sentencing to apply the guidelines in an advisory fashion. Nothing in Booker expands the scope of sentencing reductions under Section 3582(c)(2). In United States v. Riley, 164 Fed. App'x 836, *839 (11th Cir. 2006), the Eleventh Circuit explained that "[t]he authority to reduce the sentence comes from 18 U.S.C. § 3582, and this statute was not affected by Booker and the advisory nature of the Guidelines post-Booker."

Booker's rule–that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"–has no bearing on a Section 3582(c)(2) proceeding, which can only reduce a defendant's sentence.

Moreover, Booker's remedy–excising 18 U.S.C. § 3553(b) (the provision that made the guidelines mandatory in full sentences) and

5

18 U.S.C. § 3742(e) (the related appellate-review provision)–does not govern here. The Supreme Court did not excise or modify Section 3582(c)(2). If this Court is inclined to do anything other than summarily deny the defendant a reduction in sentence, the United States respectfully requests an opportunity to brief in greater detail its arguments that the court should not do so.

### 3. The defendant need not and should not appear before the Court.

This is not a full resentencing, USSG §1B1.10(a)(3), and the defendant "need not be present," Fed. R. Crim. P. 43(b)(4). Thus, although a defendant must be present at his initial sentencing, he "need not be present at proceedings involving the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." United States v. Parrish, 427 F.3d 1345, 1347 (11th Cir. 2004). This principle "makes good practical sense because a defendant, in the federal penal system, often is hundreds if not thousands of miles away from the courthouse where his sentence was originally imposed." United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999). Transporting, housing, and holding hearings for the approximately 20,000 widely scattered inmates affected by Amendment 706 would not only impose tremendous costs, difficulties, and court and prison congestion unwarranted by the limited and simple nature of Section 3582(c)(2) proceedings, but would also delay the granting of relief under Amendment 706. This is particularly so in this case, in which the defendant plainly is not entitled to Section 3582(c)(2) relief.

6

### 4. This Court should not appoint counsel for the defendant.

A defendant has no Sixth Amendment right to counsel "beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991). Therefore, the defendant has no constitutional right to counsel in connection with a proceeding under 18 U.S.C. § 3582(c)(2). See, e.g., United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). The defendant also has no statutory right to counsel in a Section 3582(c)(2) proceeding. See, e.g., Whitebird, 55 F.3d at 1010; United States v. Reddick, 53 F.3d 462, 464-65 (2d Cir. 1995). Finally, although this Court has the authority to appoint counsel, given the limited nature of relief available under Section 3582(c)(2) and Amendment 706 and the Amendment's clear inapplicability to the defendant's sentence, appointment of counsel is not warranted.

### C. Conclusion

THEREFORE, the United States respectfully requests that this Court deny the defendant any reduction in sentence.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: *s/Roger W. Powell*
ROGER W. POWELL.
ASSISTANT US ATTORNEY
500 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Fla. Bar No. 341411
TEL: (954) 356-7255, ext. 3592

```
                              FAX: (954) 356-7180
                              Email: roger.powell@usdoj.gov
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 26, 2008, I electronically filed the foregoing Government's Response to Defendant's Motion for Reduction of Sentence, with the Clerk of the Court using CM/ECF as well as copied by U.S. mail former defense counsel Phillip R. Horowitz, 12651 South Dixie Highway, Suite 328, Miami, Florida 33156.

I, further hereby certify that on March 26, 2008, a true and correct copy of the foregoing document and the notice of electronic filing was sent by U.S. Mail to the following non-CM/ECF participant:

>Joseph Samuels, BOP# 55139-004
>FCI Miami
>P.O. Box 779800
>Miami, Florida 33177

*s/Roger W. Powell*
ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY